UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.T., DENISE TRAVIS and REGINALD TIMOTHY TRAVIS,   Plaintiffs-Intervenors, | )<br>)<br>)<br>)<br>) |
| v. | ) Case No. 4:16-cv-00448-SNLJ |
| NEWARK CORPORATION d/b/a ELEMENT14,   Defendant. | )<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This case comes before the Court on Plaintiffs-Intervenors' Motion to Amend the Complaint and add a defendant that would divest this Court of subject matter jurisdiction (#19). The matter has been fully briefed and is ready for disposition. For the following reasons, the motion will be denied.

**I.     Factual Background**

On November 11, 2014, Marreo Travis ("decedent") was tragically killed while working within the course of his employment as an assembly technician for Ferro Magnetics ("employer"). Defendant Newark Corporation d/b/a Element14 designed and manufactured the Tenma AC Power Source 72-7675, an electrical product that was used at the employer's place of business to perform volt breakdown testing on bias transformers. Decedent was fatally electrocuted while using the product. Decedent's father Reginald Timothy Travis ("Reginald") and decedent's minor daughter ("A.T.")

originally brought suit in the Circuit Court of St. Louis County for strict products liability, negligence, breach of express warranty, breach of implied warranty of merchantability, negligence per se, and wrongful death against Newark.  Defendant then properly removed the action to this Court under 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Approximately a month later, decedent's mother, Denise Travis ("Denise"), intervened in the suit.  Denise, as a plaintiff and intervenor, has moved to amend the original complaint to add a new claim of wrongful death against a new defendant --- decedent's co-employee and supervisor Craig Edward Hahn ("Hahn").[1]  The First Amended Complaint alleges that Hahn breached an individual and personal duty to decedent and by his affirmative negligent acts created an extra hazardous job environment beyond that normally encountered by decedent in his employment.  Hahn, like the plaintiffs, is a citizen of Missouri.  His addition would divest this Court of diversity jurisdiction and thus subject matter jurisdiction, and would require remand of the suit to the Circuit Court of St. Louis County, Missouri.

Defendant Newark opposes Plaintiffs' Motion to Amend, arguing that Hahn's addition would be fraudulent joinder because Hahn is immune from liability under Missouri's Workers' Compensation Statute § 287.120 RSMo.  Newark argues that the claims against Hahn are essentially that he failed to provide a safe work environment for the decedent and that under Missouri law it is solely the employer's nondelegable duty to provide a safe workplace.  Newark further argues that in the absence of a separate and

---

[1] Inexplicably, counsel for Reginald Timothy Travis responded neither to the earlier motion to intervene nor to intervenors' current motion to amend.  This Court views that as a tacit consent to the motions.

distinct legal duty owed to the decedent, Hahn is immune from liability as a co-employee under Missouri law.

Plaintiffs allege that Hahn did have a separate and distinct duty owed to decedent and that he violated that duty. Plaintiffs' allegations against Hahn can be summarized as: (1) Hahn knew or should have known that the electrical product could cause significant injury or death to decedent because it was defective, (2) Hahn knew or should have known of the danger posed to decedent from using the product without proper safety precautions, (3) Hahn failed to place, or hire someone to place, proper safety equipment on the electrical product, (4) Hahn ordered decedent to perform electrical testing on the product even though Hahn allegedly knew of the danger posed by the product and that decedent was not qualified by training to work on it, (5) Hahn did not provide proper tools and equipment for decedent to work on the product, (6) Hahn did not enforce or train employees on safe electrical work practices, (7) Hahn ordered decedent to conduct the electrical testing in a location not set up safely, and finally (8) Hahn's acts described above violated several regulations.[2] The prevailing allegation is that Hahn knew or should have known of the dangers of instructing or allowing the decedent to work on the allegedly defective electrical product in the manner in which decedent did so, in the environment in which decedent did so.

## II. Fraudulent Joinder Standard

Subject matter jurisdiction asserted under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the

---

[2] Regarding the final allegation, Ferro Magnetics, decedent's employer, was the subject of the regulation violations and not Hahn individually [#19, ex. A].

litigants, meaning "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)); *see also Herkenhoff v. Supervalu Stores, Inc.*, No. 4:13-CV-1974 SNLJ, 2014 WL 3894642 (E.D. Mo. Aug. 8, 2014). However, "in an exception to this rule, a district court may retain jurisdiction where a nondiverse defendant has been fraudulently joined." *Id.*

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). The 8th Circuit fraudulent joinder standard, held in *Filla*, is that "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810 (quoting *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). A plaintiff "cannot defeat a defendant's right of removal by joining a defendant who has 'no real connection to the controversy.'" *Herkenhoff*, 2014 WL 3894642 at *2 (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (citing *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis in original)). However, if there is a "colorable" cause of action against the defendant, "that is, if the state law might impose liability on the resident defendant under the facts alleged" then there is no fraudulent joinder. *Id*.

4

The Court "may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant." *Herkenhoff*, 2014 WL 3894642 at *3. The Court's task is "limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811. "However, in its review of a fraudulent-joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law." *Id.* (emphasis in original). Finally, where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (quoting *Iowa Public Service Co.*, 556 F.2d at 406).

### III. Missouri Co-Employee Liability

Plaintiffs' wrongful death claim, based in negligence against Hahn, requires analysis of co-employee liability under both Missouri's Workers' Compensation Statute § 287.120 RSMo and co-employee negligence principles under Missouri case law. Prior to August 28, 2012, immunity was not statutorily granted to employees for workplace negligence that resulted in injury or death to co-employees and instead was governed by common law principles of co-employee liability, including the "something more" test. The grant of immunity was added to the statute by amendment in 2012 and applies to suits involving employee injuries or deaths after its enactment date of August 28, 2012.

5

The current statute states:

> 1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident or occupational disease arising out of and in the course of the employee's employment. *Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and employees of such employer shall be released from all other liability whatsoever*, whether to the employee or any other person, <u>except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury</u>. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

§ 287.120 RSMo. (emphasis added). The statute superseded the common law general rule, formally granting broad immunity to co-employees, subject to one exception: immunity will not be given to a co-employee when the co-employee "engaged in an *affirmative negligent act* that *purposefully and dangerously* caused or increased the risk of injury" to another employee. The statutory exception appears only to deny immunity to the co-employee, rather than creating a new or different cause of action in favor of the plaintiff. Because the statute does not create an independent cause of action against a co-employee, the Court must look to the common law to determine whether a cause of action has been alleged.

Thus, for alleged workplace negligence involving co-employee liability for injury or death occurring after August 28, 2012, § 287.120 RSMo essentially requires a two-part analysis. First, has the "[co-]employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury" to the injured

6

employee so that the co-employee is not entitled to immunity. If so, has the injured employee made allegations that otherwise establish a claim of common law negligence. In this case, however, it is unnecessary to determine whether the co-employee defendant does or does not have immunity because even if he does not, the plaintiffs have not adequately plead a case against him.

Under the common law, as most recently explained in the case of *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784 (Mo. banc 2016), employees could be liable for negligence to co-employees only "for breaches of a duty owed independently of the master-servant relationship – that is, a duty separate and distinct from the employer's nondelegable duties." *Id*. at 796. An employer's nondelegable duties include (1) the duty to provide a safe workplace, (2) the duty to provide safe appliances, tools, and equipment for work, (3) the duty to warn of dangers that employees might be and stay reasonably ignorant of, (4) the duty to provide a sufficient number of suitable fellow employees, and (5) the duty to promulgate and enforce rules for employee conduct that would maintain the safety of the workplace. *Id.* at 795. (internal citations omitted). Because an employer owes these nondelegable duties to its employees with respect to safety, "even if an employer assigns the performance of those duties to an employee, the employer remains liable for any breach of such duties." *Id.* "Inherently, a co-employee's breach of the employer's nondelegable duty to provide a safe workplace does not constitute a breach of a duty owed independently of the master-servant relationship." *Id.*

Applying these principles in the *Peters* case, the Missouri Supreme Court held that the plaintiffs failed to state a common law negligence action against a supervisory co-

employee who, although warned of the potential dangers of storing and transporting stacked dowel baskets, directed the injured employee to transport them stacked anyway. *Peters*, 489 S.W.3d at 799-800. Specifically, the Court found that the plaintiffs failed to plead facts that established that the supervisory co-employee owed a duty to the injured employee separate and distinct from the employer's nondelegable duties to provide a safe workplace. *Id*. Instead, it was the employer, and not the supervisory co-employee, who had a nondelegable duty to provide a safe workspace. *Id.*

The facts in *Peters* are substantially similar to those in the instant case. Plaintiffs, here, allege that Hahn had actual or constructive knowledge about the potential danger of the electrical product as he was allegedly told by co-employees about the danger of the electrical product designed and manufactured by defendant. Hahn allegedly told decedent to use the product to test voltage anyway. Plaintiffs also allege that the decedent did not have the proper safety equipment or training to use the electrical product. Further, plaintiffs allege that the electrical product had inadequate safety equipment. Finally, plaintiffs allege that Hahn failed to train the workers and enforce safe electrical work practices.

In both cases, the supervisor was told by employees of the specific danger in the workplace but neither supervisor corrected the situation. And in both cases, the supervisor told their co-employees to act anyway, leading to the injury of the co-employee. Like the *Peters* court, this Court holds that these allegations allege nothing more than the violation of the employer's nondelegable duty to provide a safe workspace. As a result, plaintiffs fail to allege facts that establish a common law negligence claim

8

against a supervisory co-employee. *See also*, *e.g.*, *Ellingsworth v. Vermeer Mftg. Co.*, No. 16-5042-cv-SWH, 2016 WL 7045603, at *6 (W.D. Mo. Dec. 2, 2016).

### IV. Conclusion

Because it is clear under governing state law that the complaint does not state a cause of action against Hahn, the non-diverse defendant, joinder would be fraudulent. Accordingly, the motion to amend the complaint to add Hahn is **DENIED**, and this Court retains diversity jurisdiction over the case. The motion to amend is granted in all other respects and the counts pertaining to defendant Newark remain.

**SO ORDERED** this 5th day of January, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE