UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.T., through her duly appointed guardian DENISE TRAVIS; DENISE TRAVIS and REGINALD TIMOTHY TRAVIS, individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:16-CV-448-SNLJ |
| NEWARK CORPORATION d/b/a ELEMENT 14, GOOD WILL INSTRUMENT CO., LTD., and INSTEK AMERICA CORP., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Good Will Instrument Co., Ltd. ("Good Will"), and Instek America Corp.'s ("Instek") motion to dismiss (#51). The matter is fully briefed. This Court lacks jurisdiction over Good Will because it was not properly served. Thus, the claims against Good Will are dismissed. This Court also lacks personal jurisdiction over Instek, and the claims against it will be dismissed.

**I.    Background**

Marreo Travis ("the decedent") was electrocuted while using a Tenma AC Power Source 72-7675, Serial No. 1102310 ("the Product"), at work. As a result, his mother, father, and daughter brought this wrongful death suit. Several companies were involved in manufacturing, buying, and selling the Product before it arrived at the decedent's workplace.

1

A. **Corporate Structure and Parties**

Good Will is a Taiwanese business entity registered in Taiwan. Its principal place of business is in Taiwan, and it has no offices outside Taiwan.

Instek—a California corporation—is Good Will's wholly owned subsidiary. Its principal place of business is located in California. Instek is a wholesaler that purchases all its products from its parent company, Good Will.

Newark Electronics ("Newark")[1] is an Indiana corporation that has its principal place of business in Illinois. It uses element 14 Asia Pte. Ltd. (a different company) to buy products from Good Will and then resells the products in the United States. Newark is not part of Good Will's corporate family. Newark is a defendant in this case, but it is not a party to this motion to dismiss.

B. **Relevant Facts**

Good Will designed the Product in Taiwan and then manufactured it in China. Next, Good Will sold the Product to element 14, which was doing business for Newark. The sale was finalized in China, and Good Will shipped the Product from China (where title passed to Newark) to South Carolina.

Instek did not design, manufacture, buy, or sell the Product. It was not involved with any transactions relating to the Product.

---

[1] Newark is named in this suit as "Newark Corporation d/b/a Element 14." But Newark's letterhead reads "Newark Electronics." (#60-1). And element14 Asia Pte. Ltd. seems to be a separate company that Newark uses to do business with Good Will (# 54-4). The Court will use the names as they are listed in the supply agreement (#60-1) and purchase order (#54-4).

Plaintiffs initially sued only Newark in state court (#3). In their second amended complaint (#40), plaintiffs added Good Will and Instek as defendants. Plaintiffs then delivered a copy of the summons to Instek's headquarters in California. They did not attempt to serve Good Will separately.

Good Will moves to dismiss on two grounds. First, it argues that it was not properly served under Federal Rule of Civil Procedure 4. Second, it argues that the Court does not have personal jurisdiction over it because Good Will does not have sufficient minimum contacts with Missouri as required by the Due Process Clause. In response, plaintiffs argue that Good Will was properly served through its agent, Instek. Plaintiffs also claim that this Court has personal jurisdiction over Good Will based on a stream-of-commerce theory.

Instek argues only that the Court does not have personal jurisdiction over it because Instek does not have sufficient minimum contacts with Missouri as required by the Due Process Clause. Plaintiff responds with the same stream-of-commerce argument.

## II. Legal Standard

### A. Rule 12(b)(5) Insufficient Service of Process

When the validity of service is contested by a motion to dismiss, the burden is on the plaintiff to establish proper service. *Northrup King Co. v. Compania Productora Semillas Algoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). Plaintiffs typically satisfy this burden by producing the process server's return of service. *See* 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1353 (3d ed. 2017). That

return is generally accepted as prima facie evidence that service was completed in the manner explained in the return. *Id.*

Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to establish the lack of proper service. William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 9:150 (2006). In response, the plaintiff must provide evidence showing that the service was proper. *Id.* § 9:151. If a Rule 12(b)(5) motion is granted, the court may dismiss the action or simply quash the service. *Id.* § 9:153.

### B. Rule 12(b)(2) Lack of Personal Jurisdiction

When personal jurisdiction is challenged in a motion to dismiss, the party asserting jurisdiction must make a prima facie showing that jurisdiction exists. *Fastpath, Inc. v. Arbela Tech., Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). "The plaintiff's 'prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.'" *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004) (*quoting Block Indus. v. DHL Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)). The Court "must view the evidence in the light most favorable to [the nonmoving party] and resolve factual conflicts in its favor . . . ." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004).

### III. Discussion

The Court will address each defendant separately.

**A.     Good Will**

Good Will argues that the claims against it should be dismissed for both insufficient service of process and lack of personal jurisdiction. Because a federal court lacks jurisdiction over a defendant that is not properly served, *Singh v. M/S Crompton Greaves Ltd.*, No. 4:11-CV-1207-SNLJ, 2011 WL 5833969, at *2 (E.D. Mo. Nov. 18, 2011) (*citing AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir.1996)), the Court "must determine as a threshold question whether [plaintiffs] ha[ve] made a prima facie showing that service was properly effected before it makes a determination on [Good Will's] motion to dismiss for lack of personal jurisdiction." *Power Integrations, Inc. v. Sys. Gen. Corp.*, No. C 04-02581-JSW, 2004 WL 2806168, at *1 (N.D. Cal. Dec. 7, 2004).

Good Will argues that it was improperly served because plaintiffs' service on Instek—Good Will's domestic subsidiary—is not effective service on Good Will because Instek is not Good Will's agent. Good Will also argues that, as a Taiwanese company, it should have been served according to Taiwanese laws. Plaintiffs claim that Instek is Good Will's agent. And as Good Will's agent, Instek may accept service on Good Will's behalf.

Initially, the Court must decide what law controls: the Federal Rules of Civil Procedure or the Missouri Rules of Civil Procedure. The Federal Rules of Civil procedure "govern the procedure in all civil actions and proceedings in the United States district courts," including removed actions. Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P.

5

81(c)(1). If a defendant challenges process that was made *before* removal, state law controls. *See Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989). If a defendant challenges process that was made *after* removal, federal law controls. *Id.* Here, plaintiffs attempted to serve Good Will (by serving Instek) after removal (#45). So the Federal Rules of Civil Procedure control whether service was proper.

      Rule 4(h) provides:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

      (1) in a judicial district of the United States:

            (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

            (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

      (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Assuming without deciding that federal law does not provide otherwise, Rule 4(h)(1) must control here because plaintiffs attempted to serve Good Will in California. Rule 4(e)(1) allows a party to be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." For the purposes of this motion, the applicable Missouri Rules of Civil

Procedure are substantively equivalent to Federal Rule of Civil Procedure 4(h)(1)(B), which allows a foreign corporation to be served through its general agent. *See* Mo. R. Civ. P. 54.09, 54.13, 54.14.

It is undisputed that Instek is not an agent authorized by appointment (by Good Will) or by law to receive service of process on behalf of Good Will. *See Dunakey v. Am. Honda Motor Co.*, 124 F.R.D. 638, 639 (E.D. Mo. 1989) (noting that a domestic subsidiary is not the involuntary agent of a foreign corporation for service of process under Missouri law). Thus, the heart of the matter is whether Instek is Good Will's "general agent." Because this Court is sitting in diversity, the Court applies state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938).

The Supreme Court of Missouri has adopted the *Restatement (Second) of Agency* definition of an agency relationship. *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 60 (Mo. *banc* 1993). "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Restatement (Second) of Agency* § 1 (1958). "A corporation does not become an agent of another corporation merely because a majority of its voting shares is held by the other." *Id.* § 14M. So an agency relationship between a parent and its subsidiary may be established only if the elements of an agency relationship exist. *Id.* § 14; *Elson*, 856 S.W.2d at 60.

The essential elements of an agency relationship are that (1) "an agent holds a power to alter legal relations between the principal and a third party," (2) "an agent is a

7

fiduciary with respect to matters within the scope of the agency," and (3) "a principal has the right to control the conduct of the agent with respect to matters entrusted to the agent . . . ." *Elson*, 856 S.W.2d at 60 (*citing Restatement (Second) of Agency* §§ 12, 13, 14).

Plaintiffs argue only that Good Will effectively controls Instek. There is no evidence that Instek has the power to alter legal relations between Good Will and a third party. And there is no evidence that Instek is a fiduciary with respect to matters within the scope of the agency. Thus, the Court finds that plaintiffs have failed to show that Instek is Good Will's agent.

Good Will was not properly served under Federal Rules of Civil Procedure 4(e)(1) or 4(h)(1)(B) when plaintiffs served Instek in California. And plaintiffs wholly ignored Good Will's argument that Good Will must be served under Taiwanese law. Thus, plaintiffs have not made a prima facie showing that Good Will was properly served. So this Court does not have jurisdiction over Good Will. Neither party asked the Court to simply quash the service, so the plaintiffs' claims against Good Will are dismissed.[2]

**B.     Instek**

Instek argues that this Court does not have personal jurisdiction over it. Personal jurisdiction can be specific or general. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Viasystems, Inc. v. EBM-Papst*

---

[2] The Court need not address whether it has personal jurisdiction over Good Will.

8

*St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592–93 (8th Cir. 2011) (alterations in original) (*quoting Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008)). Plaintiffs argue that this Court has specific personal jurisdiction over Instek based on a stream-of-commerce theory.

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Id.* at 593. This Court need not decide whether Missouri's long-arm statute is satisfied because it is clear that the Due Process Clause does not permit this Court to exercise specific personal jurisdiction over Instek.

"The touchstone of the due-process analysis remains whether the defendant has sufficient 'minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* at 594 (alteration in original) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The fundamental inquiry is whether the defendant has "purposefully availed" itself of the "benefits and protections" of the forum state, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985), to such a degree that it "should reasonably anticipate being haled into court there . . . ." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

The Supreme Court has noted that a "forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Id.* at 297–98. This is the stream-of-

9

commerce theory on which the plaintiffs rely. They cite in support three Eighth Circuit cases that apply the stream-of-commerce theory: *Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F.3d 610 (8th Cir. 1994), *Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943 (8th Cir. 1998), and *Clune v. Alimak AB*, 233 F.3d 538 (8th Cir. 2000).

Plaintiffs essentially lump together one stream-of-commerce argument that they claim allows this Court to exercise specific personal jurisdiction over both Instek and Good Will. They argue that "defendants purposely availed themselves of the privilege of conducting activities within Missouri by establishing a comprehensive network of distributors that targeted Missouri." (#60 at 5). But Instek didn't establish any network of distributors—at least not any network related to the Product that allegedly killed the decedent. Instek did not buy the Product at issue in this case. It was not involved in any leg of the distribution scheme that brought this allegedly defective Product from China to Missouri. Instek is simply Good Will's subsidiary. A subsidiary that buys its products—products not at issue in this lawsuit—from Good Will. Although plaintiffs allege that Instek is part of Good Will's distribution network, Instek is not part of the distribution network for the Product at issue in this case. Plaintiffs apparently think that the stream-of-commerce theory allows a court to exercise specific personal jurisdiction over any company that is part of a distribution scheme, even if that distribution scheme is not related to the underlying lawsuit. This is inconsistent with the cases applying the stream-of-commerce theory.

In *Barone*, the Eighth Circuit used the theory to find that the district court had specific personal jurisdiction over the manufacturer of the product at issue. 25 F.3d at 615. In *Vandalune*, the Eighth Circuit used the theory to find that the district court had specific personal jurisdiction over the manufacturer of a component part of the product at issue. 148 F.3d at 948. And in *Clune*, the Eighth Circuit used the theory to find that the district court had specific personal jurisdiction over the designer and manufacturer of the product at issue. 233 F.3d at 544–45. These parties all headed a distribution network for the products (or a component of the product) that ultimately injured the plaintiffs. Here, Instek did not head the distribution network that delivered the Product to a distant forum—Good Will allegedly did. Thus, Instek did not purposefully avail itself to Missouri's benefits and protections through a distribution network, and the Due Process Clause does not permit this Court to exercise specific personal jurisdiction over Instek. Plaintiffs have not made a prima facie showing that this Court has personal jurisdiction over Instek, and their claims against Instek will be dismissed.

## IV. Conclusion

Plaintiffs' claims against Good Will and Instek will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Good Will and Instek's motion to dismiss (#51) is **GRANTED**.

So ordered this __3rd__ day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

11